IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 23 PM 2:18

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| AIJALON WALLACE MCLITTLE II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-2870BV |
| ) | |
| MOSE HINTON, et al., ) | |
| Defendants. ) | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND
ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Before the court is the September 7, 2005 motion of the plaintiff, Aijalon Wallace McLittle II, proceeding *pro se*, to compel the defendants, Mose Hinton, *et al.*, to produce a photograph in response to plaintiff's Document Request No. 4 and for a more complete response to plaintiff's Interrogatory No. 2. This motion was referred to the undersigned magistrate judge for determination.

On June 27, 2005, plaintiff served defendants with a request for production of documents, interrogatories, and a request for admissions. On July 28, 2005, defendants responded to the requests and interrogatories. Plaintiff subsequently filed a motion requesting an extension of the July 29, 2005 discovery deadline in order to pursue production of the photograph and the information requested in the interrogatory. The court granted that motion and

extended the deadline to September 15, 2005. Plaintiff has now filed this motion to compel in order to obtain the photograph and requested information.

Specifically, Document Request No. 4 requested a photograph of plaintiff's alleged injuries. Plaintiff alleges that, in a good faith effort, he sent defendants a letter requesting the photograph of his injury because the photograph was not in his medical file. In response to the motion, defendants contend that they did not object to the discovery of the photograph, but rather did not produce a photograph because such photograph does not exist.

The court cannot compel a party to produce that which does not exist. Rule 26 of the Federal Rules of Civil Procedure, which governs discovery, only applies to documents in possession of the defendant. The defendants have averred that they do not have any photographs in their possession. Accordingly, the motion to compel production of the photograph is denied. The court, however, reminds the defendants that they have a continuing obligation to supplement their discovery responses and if the defendants locate any photographs of plaintiff's injury they must immediately make them available to the plaintiff.

Interrogatory No. 2 requested defendant Calvin Miller's home address. In his previously mentioned letter to defendants, plaintiff also requested defendant Miller's home address so

2

plaintiff could issue a subpoena to appear at trial. Defendants contend that the disclosure of defendant Miller's home address is prohibited by the Privacy Act of 1974, 5 U.S.C. § 552a.

The court agrees with the defendants that such information is protected under the Privacy Act. The Privacy Act bars disclosure of agency personnel files. *See* 5 U.S.C. § 552a(b) (2004). Defendant Miller's home address is located within his personnel file, thus, this information may not be disclosed to the plaintiff.

The Privacy Act does, however, provide for the information's disclosure pursuant to a court protective order. 5 U.S.C. § 552a(b)(11). Defendants state that defendant Miller has a privacy interest in this information, as plaintiff's receipt of the information could allow plaintiff to disburse the information to current and former inmates, as well as to plaintiff's former criminal associates. Defendants contend that a protective order would protect defendant Miller's privacy interest in safeguarding his home, while also meeting plaintiff's need for a subpoena. Accordingly, the court grants plaintiff's motion to compel with respect to defendant Miller's home address. However, the court limits the disclosure by granting defendants' request for a protective order. The protective order is imposed as follows:

1. Defendant Miller's home address may only be disclosed to a United States Marshal for the purpose of serving a trial subpoena

on defendant Miller.

2. The receiving United States Marshall shall not reveal Defendant Miller's home address to any person not entitled to disclosure under this order.

3. The subpoena shall be maintained under seal.

IT IS SO ORDERED this 23rd day of September, 2005.

_____
DIANE K. VESCOVO
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in case 2:03-CV-02870 was distributed by fax, mail, or direct printing on September 23, 2005 to the parties listed.

---

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Aijalon Wallace McLittle
FCI- Sheridan
21050-039
P.O. Box 5000
Sheridan, OR 97378

Honorable J. Breen
US DISTRICT COURT