IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 28 AM 10: 04

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

|                                    |   |              |
|------------------------------------|---|--------------|
| AIJALON WALLACE McLITTLE, II,      | X |              |
|          Plaintiff,                | X |              |
| vs.                                | X | No. 03-2870-B/V |
| UNITED STATES OF AMERICA,          | X |              |
|          Defendant.                | X |              |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Aijalon Wallace McLittle, II, Bureau of Prisons ("BOP") inmate registration number 21050-039, an inmate at the Federal Correctional Institution in Sheridan, Oregon, filed a motion for appointment of counsel on April 25, 2005, accompanied by a factual declaration. The defendant has not responded to this motion, and the time for a response has expired.

"There is no constitutional or . . . statutory right to counsel in federal civil cases." <u>Farmer v. Haas</u>, 990 F.2d 319, 323 (7th Cir. 1993). Pursuant to 28 U.S.C. § 1915(d), a district court is vested with discretion to appoint an attorney to represent an indigent party in a civil case. <u>McMath v. Alexander</u>, 486 F. Supp. 156, 157 (M.D. Tenn. 1980). No funds have been appropriated to pay the fees of any appointed counsel, however, and "§ 1915(d) does not authorize the federal courts to make coercive appointments of

counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

In this case, the plaintiff's motion does not demonstrate the existence of extraordinary circumstances that would warrant appointment of counsel. The facts concerning this claim are not complex, and the plaintiff is able to conduct legal research, promulgate discovery requests, and file and respond to motions. Finally, the Court is aware that there is a severe shortage of attorneys willing to accept appointment to prisoner civil rights cases on a pro bono basis. Under these circumstances, the fact that the actual damages suffered by this plaintiff are, at best, minimal

makes it inappropriate to appoint counsel in this matter. Accordingly, the motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 27th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 33 in case 2:03-CV-02870 was distributed by fax, mail, or direct printing on September 28, 2005 to the parties listed.

---

Aijalon Wallace McLittle
FCI- Sheridan
21050-039
P.O. Box 5000
Sheridan, OR 97378

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT